Kline, Judge,
concurring.
{¶ 36} I concur in judgment and opinion but write separately to explain my reasoning for overruling appellant’s second assignment of error. I would over *732 rule this second assignment of error based only on the competent, credible evidence establishing the constructive delivery of the deed.
{¶ 37} The narrow question is whether the following facts can demonstrate constructive delivery of a deed. The mother transferred the property to the son in exchange for her lifetime care. The son moved in with his mother but eventually could not carry out his end of the bargain. So, he decided to transfer the property back to the mother. The mother had her lawyer draw up a quitclaim deed. The lawyer did so and brought the deed to the house for signature. But the son was not present. The lawyer left, and the son later came to the lawyer’s office and signed the deed. The son then brought the deed home and showed the executed deed to the mother. The mother said, “Why [don’t you] let [my attorney] go ahead and record it for me.” The son replied, “Well, I’ll take it down and do it.” The mother then gave the son $15. The record is not clear on whether this payment was a fee to be paid to the son or to pay for the filing of the deed with the county recorder’s office.
{¶ 38} In either event, the trial court could have easily concluded that constructive delivery had taken place. According to the mother’s testimony (which the court as the trier of fact was entitled to credit), the son in fact agreed to become her agent for the filing of the deed with the recorder’s office. Even though the deed did not change hands and enter into the mother’s possession, nonetheless, delivery was perfected. He no longer possessed the deed on his own behalf, but recognized the mother’s right to the deed by taking the money and agreeing to file it.
{¶ 39} In my view, these competent, credible facts, under the cases cited in the majority opinion, are sufficient to demonstrate constructive delivery of the deed.
{¶ 40} Thus, on this basis, I concur in judgment and opinion.